UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN J. NONNENMACHER,

                   Plaintiff,

    -against-

CITIGROUP, INC.; CITICORP LLC; and
CITIBANK N.A.,

                   Defendants.
------------------------------------------------------------X

REPORT AND RECOMMENDATION
24 CV 7829 (DG)(LB)

**BLOOM, United States Magistrate Judge:**

        Plaintiff John Nonnenmacher, proceeding *pro se*,[1] brings this action against defendants Citigroup, Inc., Citicorp LLC and Citibank N.A. ("defendants"), alleging that defendants froze two of his checking accounts in April 2024 and as a result, plaintiff was unable to make certain purchases. ECF No. 1-1. Plaintiff originally filed this action in Kings County Supreme Court on October 28, 2024, and defendants removed this matter to the Eastern District of New York on November 11, 2024, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1. For the reasons set forth below, the Court recommends that this matter should be remanded to state court for lack of subject matter jurisdiction.

## BACKGROUND

        Defendants removed this case from Kings County Supreme Court[2] on November 11, 2024. ECF No. 1. Defendants filed their answer on the same date. ECF No. 4. The Court scheduled an initial conference in the case on April 10, 2025. See Order dated March 27, 2025.

---

[1] The Court takes judicial notice from Nonnenmacher v. Citigroup Inc. et al, 24 CV 6967, that John Nonnenmacher is a licensed attorney, although he proceeds here *pro se*.

[2] Plaintiff John J. Nonnenmacher filed three other cases against the same defendants involving the same checking account; defendants removed all these cases to this Court: Nonnenmacher v. Citigroup, Inc. et al, 24-CV-6977; Nonnenmacher v. Citigroup, Inc. et al, 24-CV-6981; Nonnenmacher v. Citigroup, Inc. et al, 24-CV-6972. Those three cases were consolidated and dismissed pursuant to Fed. R. Civ. P. 41(b).

1

On April 9, 2025, defendants stated they intended to move to compel arbitration.[3] See ECF No. 8.

At the initial conference on April 10, 2025, plaintiff failed to appear. See Order dated April 10, 2025. Plaintiff did not contact the Court or defendants' counsel to request an adjournment, and the Court waited over 30 minutes before calling the case. Id. The Court also attempted to contact plaintiff at the phone number provided in his complaint, ECF No. 1-1, but the call went to voicemail. Id. The Court Ordered plaintiff to show cause in writing by April 24, 2025: (1) why he failed to appear at the Court-ordered conference, (2) to respond to defendants' motion to compel arbitration; and (3) his position regarding the Court's subject matter jurisdiction. Id. The Court also directed defendants to show good cause why the matter should not be remanded to state court for lack of subject matter jurisdiction. Id. Defendants responded to the Court's order to show cause. ECF No. 12. Plaintiff did not.

## DISCUSSION

Federal courts are courts of limited jurisdiction. District courts have jurisdiction over cases where there is a federal question or diversity of citizenship. Perpetual Secs., Inc., v. Tang, 290 F.3d 132, 136 (2d Cir. 2002). "The absence of such jurisdiction is non-waivable, and the Court must first decide that it has subject matter jurisdiction before adjudicating any matter in the case." Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001) (per curium) (citation omitted). To satisfy diversity of citizenship it must be established that "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1). "The amount in controversy must be non-speculative in order to satisfy the statute and conclusory allegations that the amount-in-controversy requirement is satisfied are

---

[3] In light of defendants' intent to move to compel arbitration, the Court requested the Clerk of Court to assign this case to a district judge. Order dated April 10, 2025.

insufficient." Trisvan v. Burger King Corp., No. 19-CV-6396 (MKB), 2020 WL 1975236, at *2 (E.D.N.Y. Apr. 24, 2020). When a case is removed from state court, "[t]he defendant bears the burden of establishing the requirements of jurisdiction." Barnes v. Fort Hamilton Fam. Homes, 524 F. Supp. 3d 40, 42 (E.D.N.Y. 2021) (citing Lawrence v. HHC TRS FP Portfolio, LLC, No. 20-cv-4843, 2020 WL 6273946, at *1 (E.D.N.Y. Oct. 26, 2020)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." Lupo v. Hum. Aff. Int'l Inc., 28 F.3d 269, 273–74 (2d Cir. 1994); Livetsky v. Ahold Delhaize USA, Inc., No. 23-CV-1549(DLI)(LB), 2023 WL 2711317, at *1 (E.D.N.Y. Mar. 30, 2023).

Here, plaintiff's complaint alleges that Citibank N.A. froze plaintiff's bank accounts after plaintiff moved money from a joint account he shared with his wife to his personal account. Compl. ¶¶28–36, ECF No. 1-1. Plaintiff brings a single, unspecified cause of action that defendants "negligently, carelessly, and incompetently found 'suspicious activity' and 'fraud' where none existed." Id. ¶49. Plaintiff's complaint alleges he experienced harm when he attempted to purchase $200 worth of Beatles' albums from a record shop in New Jersey.[4] Id. ¶¶38–46. Plaintiff seeks damages in the amount of $74,500, alleging economic damages including a loss of business opportunities, defaults on monthly bills tied to the accounts, penalties, bad credit, embarrassment, humiliation and inconvenience. Id. ¶51. Plaintiff also seeks punitive damages. Id. ¶53.

---

[4] Plaintiff states he suffered "tremendous embarrassment and humiliation and was tremendously inconvenienced, had his time wasted, suffered anxiety and trepidation" when he was not able to make this purchase. Id.

3

The Court lacks jurisdiction over this matter.  Plaintiff's allegation of $200 of alleged harm even combined with his conclusory claim of $74,500 in damages fails to satisfy diversity jurisdiction's prerequisite of $75,000 in non-speculative damages.  Further, while defendants argue that plaintiff's compensatory and punitive damages carry the matter over the threshold amount in controversy for diversity jurisdiction, the Court is "not obligated to accept, on face value, a claimed amount of punitive damages, particularly where there would be no diversity without such damages." Cohen v. Narragansett Bay Ins. Co., No. 14-CV-3623 (PKC), 2014 WL 4701167, at *3 (E.D.N.Y. Sept. 23, 2014), on reconsideration, No. 14-CV-3623 (PKC), 2014 WL 6673846 (E.D.N.Y. Nov. 24, 2014).

## CONCLUSION

Accordingly, I respectfully recommend that this case should be remanded to Kings County Supreme Court as this Court lacks subject matter jurisdiction.  The Clerk of Court is respectfully directed to mail a copy of this order to plaintiff.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: April 30, 2025
      Brooklyn, New York

5